John W. Emory, d. b., *vs.* Columbia Wagon Company, a corporation of the State of Pennsylvania, p. b.

*Certiorari—Exceptions—Plaintiff not present at Trial—But affidavit and other papers and letters were admitted in evidence—Motion for nonsuit at trial; Not noted by Justice.*

1. Exceptions to the record of the Justice were (1) that the Justice had no evidence before him upon which to render judgment; and (2) that the record failed to show that the defendant claimed a nonsuit at the trial.

2. *Held* that although it appeared from the record that the plaintiff was not present at the trial, it did appear that he had at the trial an affidavit and other papers and letters as evidence, and the record says that "after hearing and examining all the allegations of the parties and their proofs," etc.: *held* also that while there may be circumstances under which this Court will allow the record to be supplemented, they are not present in this case. Diminution could have been alleged if the Justice did not put down all that the record should show. Judgment affirmed.

(*May* 2, 1906.)

Judges Spruance and Boyce, sitting.

*Richard R. Kenney* and *Arley B. Magee* for plaintiff in error.

Superior Court, Kent County, April Term, 1906.

Certiorari to William E. Davis, a Justice of the Peace in and for Kent County.

The record of the Justice, after the title of the cause, was as follows:

"Action of assumpsit for goods sold and delivered for $53.00, interest from June 2nd, 1905. Summons issued February the 8th, 1906, to David H. Knotts, Constable. Returnable Thursday the 15th day of February, 10 o'clock a. m. 1906. Warrant returned February the 15th 1906. Served personally the 8th day of February, 1906, and summons verified by David H. Knotts, Constable. Thursday the 15th day of February, 1906, having arrived John W. Emory Deft in the case appears and asks for a postponement of trial for two weeks in order that he may obtain important evidence. Justice hereby postpones the trial until Wednesday the 28th day of February, 1906, 10

o'clock in the morning. Wednesday the 28th day of February, 1906, 10 o'clock in the morning having arrived the time for trial according to postponement.

"The Columbia Wagon Company a corporation of the State of Pennsylvania, not being present but represented by affidavit of Company and other papers and letters as evidence. Deft John W. Emory being present Justice proceeds to trial. And now to wit after hearing and examining all the allegations of the parties and their proofs and maturely considering the same. Judgment is given against Deft. John W. Emory in favor of Plfts. Columbia Wagon Company, a corporation of the State of Pennsylvania, for $53.00 with interest from June the 2nd, 1905, and all costs of suit.

William E. Davis, J. P."

The following exceptions were filed to the record:

"*First*: That it is error for the Justice to have given judgment for the plaintiff below defendant in error when it appears by the record that the plaintiff below defendant in error was not present nor represented by anyone for it at the trial below and that the Justice had no evidence before him upon which to render judgment for the plaintiff below defendant in error, affidavits, other papers and letters not being proper evidence upon which to render a judgment for the said plaintiff below.

"*Second*: That it is error in that the record of the said Justice fails to show that the defendant below plaintiff in error claimed nonsuit at the time of the trial of the case for the reason that the plaintiff nor anyone for it appeared."

SPRUANCE, J.;—As to the first exception, it depends on what those papers referred to in the record were. They may have been written acknowledgments of the defendant. The record says "After hearing and examining all the allegations of the parties and their proofs" etc. We do not see that the affidavit was of any account at all, but there were other papers and letters. He had the defendant there and apparently went into a hearing.

*Mr. Kenney;*—We have an affidavit that sets forth the fact that the defendant claimed a nonsuit.

SPRUANCE, J.:—If there may be circumstances in which the Court will allow anything to be offered to supplement the record, they are not present in this case. You could have alleged diminution, if the Justice did not put down all that the record should show. But this comes up before us now simply upon exceptions to the record. We think the judgment below should be affirmed.

Judgment below affirmed.